

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PSS:MEG
F. #2013R01081

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 5, 2013

By Mail and ECF

Deveraux L. Cannick, Esq.
Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York 11378

    Re: United States v. Alberto Yard
       Criminal Docket No. 13-486 (KAM)

Dear Mr. Cannick:

  Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery in the above-captioned case. Please also consider this letter as the government's request for reciprocal discovery pursuant to Rule 16.

A. The Government's Disclosures

  1. Statements of the Defendant

  Enclosed are the following documents that contain statements made by or pedigree information provided by Alberto Yard (the "Defendant"):

    (a) Written statement signed by the Defendant, Bates-numbered YARD/ROBERTSON00001;

    (b) FBI 302 detailing the Defendant's statement and corresponding notes,[1] Bates-numbered YARD/ROBERTSON000002 - YARD/ROBERTSON00012;

---

[1] The names of the minor victims and their parents have been redacted to protect their identities.

  (c)  Receipt for Property form signed by the Defendant, Bates-numbered YARD/ROBERTSON00013;

  (d)  Consent to Assume Online Presence form signed by the Defendant, Bates-numbered YARD/ROBERTSON00014;

  (e)  Advice of Rights form signed by the Defendant, Bates-numbered YARD/ROBERTSON00015;

  (f)  Consent to Search Computer(s) form signed by the Defendant, Bates-numbered YARD/ROBERTSON00016; and

  (g)  Records for the Defendant's Twitter Account "Corey Yard @CBONEZ68," Bates-numbered YARD/ROBERTSON00017-YARD/ROBERTSON00033.

2. <u>The Defendant's Criminal History</u>

The government is not aware of a criminal history for the Defendant.

3. <u>Documents and Tangible Objects</u>

The government is in possession of a Samsung Phone and an iPad that were seized from the co-defendant, Colette Robertson, as detailed in the enclosed Receipt for Property form, Bates-numbered YARD/ROBERTSON00051, and Consent to Search Computer(s) form, Bates-numbered YARD/ROBERTSON00058.

In addition, a number of items were received from the Defendant and seized from his residence pursuant to the execution of a search warrant on July 2, 2013. Enclosed please find the following: (i) a list of the items seized from the Defendant's residence, Bates-numbered YARD/ROBERTSON00109; (ii) photographs that were taken during the execution of the search warrant, Bates-numbered YARD/ROBERTSON00110-YARD/ROBERTSON00189; (iii) a list of the items received from the Defendant, Bates-numbered YARD/ROBERTSON00013; and (iv) a Consent to Search Computer(s) form signed by the Defendant, Bates-numbered YARD/ROBERTSON00016. Please note that the content of the electronic equipment that was seized on July 2, 2013 is not enclosed here, as much of the electronic equipment contained images of child pornography. In addition, enclosed please find a copy of the search warrant for the Defendant's residence and the affidavit in support of the search warrant, Bates-numbered YARD/ROBERTSON00075-YARD/ROBERTSON00108.

Enclosed please also find a copy of the search warrant for the Defendant's Google Picasa Use Account "CBONEZ68," the affidavit in support of the search warrant and a letter to the Custodian of Records at Google pertaining to the search warrant, Bates-numbered YARD/ROBERTSON00059-YARD/ROBERTSON00074. Please note that the

materials that were received pursuant to the search warrant of the Picasa Account included images of child pornography and are therefore not enclosed.

Finally, enclosed please find the following documents received pursuant to subpoenas: (i) AT&T records pertaining telephone number (347) 323-3988, Bates-numbered YARD/ROBERTSON00190-YARD/ROBERTSON01812; (ii) Google records pertaining to CBONEZ68@GMAIL.COM and ATECHIE68@GMAIL.COM, Bates-numbered YARD/ROBERTSON01813-YARD/ROBERTSON01944; (iii) Verizon records pertaining to IP Address 108.41.215.173, Bates-numbered YARD/ROBERTSON01945-YARD/ROBERTSON01949; (iv) Sprint records pertaining to telephone number (646) 210-2176, Bates-numbered YARD/ROBERTSON01950-YARD/ROBERTSON02417; (v) Photobucket records for "Corey Yard (cbonez68), Bates-numbered YARD/ROBERTSON00034; and (vi) Tagged records for "Corey Y," Bates-numbered YARD/ROBERTSON00035.

You may call me to arrange a mutually convenient time to examine the evidence and original documents discoverable under Rule 16, as permissible under 18 U.S.C. § 3509(m).

4. <u>Reports of Examinations and Tests</u>

The government will provide copies of reports of any examinations or tests conducted in connection with this case, if any, as they become available.

5. <u>Expert Testimony</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with a summary of the expert's opinion. At present, the government anticipates calling an expert to testify about the forensic analysis that was conducted of the electronic equipment that was seized in this matter.

6. *Brady* <u>Material</u>

The government is not aware of any exculpatory material regarding the Defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

3

      7.      Other Crimes, Wrongs or Acts

The government will provide the Defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

B.      The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the Defendant allow inspection and copying of (i) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, that are in the Defendant's possession, custody or control, and that the Defendant intends to introduce as evidence or otherwise rely on at trial, and (ii) any results or reports of physical or mental examinations and of scientific tests or experiments, including fingerprint analyses, made in connection with this case, or copies thereof, that are in the Defendant's possession, custody or control, and that the Defendant intends to introduce as evidence or otherwise rely upon at trial or which were prepared by a witness whom the Defendant intends to call at trial.

The government also requests that the Defendant disclose prior statements of witnesses who will be called by the Defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the Defendant disclose a written summary of testimony that the Defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the Defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the Defendant intends to rely in establishing the defense identified in any such notice.

C.      Future Discussions

Please be advised that, pursuant to the policy of the United States Attorney's Office for the Eastern District of New York ("the Office") concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

If you have any questions or further requests, please do not hesitate to contact me at the number provided below.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By:    /s/_____
      Margaret E. Gandy
      Assistant U.S. Attorney
      (718) 254-6213

Enclosures

cc: Clerk of the Court (YAM) (w/o enclosures)