

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKM:MEG/NEM                                    *271 Cadman Plaza East*
F. #2013R01081                                  *Brooklyn, New York 11201*

April 29, 2016

By Hand Delivery and ECF

The Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   United States v. Alberto Yard
>       Criminal Docket No. 13-486 (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter to provide the Court with the attached Affidavit of Loss, which was recently submitted to the government for the above-captioned case. As the Court is aware, on March 6, 2014, the defendant pled guilty to Count One of the Indictment, which charged him with Conspiracy to Sexually Exploit Children, in violation of Title 18, United States Code, Section 2251(e).[1] On February 3, 2016, the defendant was sentenced to 27 years' imprisonment. The resulting Judgment, which was filed on February 16, 2016, directed that the record remain open for 90 days to receive Affidavits of Loss from the defendant's victims. The attached Affidavit of Loss claiming $1,100 in "lost income and necessary child char, transportation, and other expenses related to the investigation or prosecution of offense or attendance at proceedings related thereto" was provided to the government on April 20, 2016, within the 90 days post-sentencing period.

The government further writes to inform the Court that the attached Affidavit of Loss was submitted by the parent of a victim who was not one of the Jane Doe minors named in the count of conviction. Nonetheless, because the defendant was convicted of conspiring to sexually exploit children, and the Affidavit of Loss was submitted by the parent of a child that the defendant admitted to having sexually exploited when he was interviewed

---

[1]     Count One of the Indictment referenced eight Jane Doe minors.

by Special Agents of the Federal Bureau of Investigation (see Presentence Investigation Report, ¶ 12), the government submits that the affiant's child should be considered a "victim" under 18 U.S.C. §§ 3663A(a)(2) and 3663(a)(2), which states that, with respect to an offense that involves a conspiracy, "a victim is a person directly harmed by the defendant's criminal conduct in the course of the . . . conspiracy."

Respectfully Submitted,

ROBERT L. CAPERS
United States Attorney

By:      /s/                              
Margaret E. Gandy
Nadia E. Moore
Assistant U.S. Attorneys
(718) 254-6213/6232

cc:    Clerk of Court (KAM) (by ECF) (without attachment)
       Deveraux Cannick, Esq. (by e-mail)
       Robert J. Boyle, Esq. (by e-mail)
       United States Probation Officer Jennifer Fisher (by e-mail)

2